# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PORSCHE LYNN BELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. CIV-12-1204-HE |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,[1] | ) ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for supplemental security income (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## PROCEDURAL HISTORY

Plaintiff filed her application for SSI on November 6, 2008, alleging a disability

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d) (1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

beginning on March 14, 2007 (TR. 19). The application was denied on initial consideration and on reconsideration at the administrative level.[2] On June 25, 2010, Plaintiff appeared at a hearing before an administrative law judge (ALJ) (TR. 19; 30-71). The ALJ issued an unfavorable decision on December 8, 2010, finding that Plaintiff was not disabled (TR. 19-26). The Appeals Council denied Plaintiff's request for review, (TR. 1-5), making the decision of the ALJ the final decision of the Commissioner.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in

---

[2] As a child, Plaintiff had twice been denied Social Security benefits, once in 1995 and once in 2002, on applications filed on her behalf by her mother (TR. 42-43; 233-236). No documents from the 1995 application are included in the record. From the 2002 application, the record contains an incomplete copy of a psychological evaluation (TR. 233-236).

2

disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's disability applications, the ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §416.920. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date (TR. 21).

At step two, the ALJ determined that Plaintiff has severe impairments consisting of back discomfort, high blood pressure, status post left knee surgery, obesity, and affective disorder (TR. 21). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21).

The ALJ next considered Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) restricted as follows: the claimant can perform simple one-and-two step tasks, but not more detailed or complex tasks; can relate to others on a superficial work basis, but is unable to relate to the general public constantly; can adapt to a work situation; and can complete a normal workday and workweek

(TR. 23).

At step four of the sequential evaluation, the ALJ found that Plaintiff does not have any past relevant work (TR. 25). At step five of the sequential evaluation, the ALJ relied

3

on the testimony of a vocational expert (VE) and found that Plaintiff could perform the following light jobs existing in the national economy: silver wrapper, hand bander, and bottling line attendant (TR. 25). Although the VE answered in the affirmative when the ALJ asked if there were sedentary jobs Plaintiff could perform, none were identified (TR. 70).

## ISSUES PRESENTED

Plaintiff contends that the ALJ erred in failing to fully and fairly develop the record. Plaintiff further contends that the ALJ erred in that the RFC is not supported by substantial evidence.

## ANALYSIS

### I. **Whether the ALJ Breached His Duty to Fully Develop the Record**

Plaintiff contends that the ALJ breached his heightened duty to fairly and fully develop the record for Plaintiff, who was not represented by counsel at the administrative hearing. (*See* Plaintiff's Opening Brief at pages 11-19). The record supports Plaintiff's argument. As Plaintiff notes, medical evidence from several treating sources referenced at the hearing were not made a part of the record.

In a social security disability case, the claimant bears the burden to prove her disability. *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007). Disability hearings are non-adversarial, however, and the ALJ has a duty "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Id.* (*quoting Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997)).

Plaintiff contends that the ALJ should have obtained records from treating physicians including records from arthroscopic left knee surgery; records from Dr. Kadhim, who treated Plaintiff's hypertension, asthma and obesity; as well as the complete records of other treating sources including those from her previous chiropractic treatment provided by Dr. Gates and Dr. Carlson. Additionally, Plaintiff contends that along with the physical consultative examination, the ALJ should have ordered objective testing, such as radiological examinations of her left knee and lower back. Although the results of some objective tests were available to the ALJ, Plaintiff underwent arthroscopic surgery of her left knee after she fell in early 2007, and was in an automobile accident a few months later. Plaintiff testified that the automobile accident caused her to have lower back pain when she stands, walks and sits (TR. 45; 52-53). The X-rays and CT scans considered by the ALJ were of Plaintiff's right knee and the cervical/thoracic spine, not the left knee and lumbar spine (TR. 183-189).

These points are well-taken. Nevertheless, the Commissioner states in her brief, ECF No. 17, that it was Plaintiff's duty to develop the record. Relying on *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008), the Commissioner argues that, in assessing the ALJ's duty to develop the record, the Tenth Circuit Court of Appeals found that the represented claimant's own failure to acquire the medical records in question was relevant in determining whether the ALJ had breached his duty to fully develop the record (Commissioner's Brief at 10). The Commissioner's reliance on *Maes* may have been based on her misapprehension that Plaintiff was represented by counsel at the administrative hearing (*See* Commissioner's Brief at 3). The transcript of the

administrative hearing makes it clear that Plaintiff was not, in fact, represented by an attorney or other representative at her administrative hearing. The transcript documents the ALJ's attempt to inform Plaintiff of her rights, including her right to an attorney or other representative (TR. 33-37). Plaintiff's questions and answers during that phase of the administrative hearing indicate that she was struggling to understand the ALJ's statements. Moreover, some of Plaintiff's former treating physicians were out-of-state, making it even harder for Plaintiff, on her own, to obtain records, especially given Plaintiff's limited cognitive and monetary resources, as documented in the consultative mental examination (TR. 200-202). On remand, the Commissioner should fully develop the record by securing all relevant medical records. The Commissioner may also find it helpful to obtain further cognitive and physical testing in order to properly assess Plaintiff's physical and mental limitations. The Commissioner should also exercise greater care in obtaining medical records which actually pertain to Plaintiff. The second page of the consultative examination report of Dr. Thomas appears to describe a Caucasian female, Sarah Ann Moore, rather than the Plaintiff (TR. 194).

## II.  Whether the ALJ Erred in Determining Plaintiff's RFC

Because the ALJ did not adequately develop the record, this Court cannot determine whether the evidence upon which the ALJ relied in determining Plaintiff's RFC could potentially have been overwhelmed by other evidence if that evidence had been included in the record. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (decision of an ALJ is not supported by substantial evidence if it is overwhelmed by other evidence in the record).

To be able to perform light work, a claimant must be able to stand and/or walk "a good deal of the day" *See* 20 C.F.R. § 416.967(b). Plaintiff testified that she could "barely stand and wash dishes" and that she sometimes had to "get a chair and sit just to wash the dishes" (TR. 45). Plaintiff also testified that she was 5 feet 9 inches tall and weighed 456 pounds (TR. 49). Plaintiff's mother and aunt both testified on Plaintiff's behalf. Plaintiff's mother testified that Plaintiff "can't [work] because she have to be on her feet and a steady and a pace and [her knee] has been giving her a problem and then she have asthma also" (TR. 64). Plaintiff's aunt testified that Plaintiff is obviously overweight and can hardly walk (TR. 66). The ALJ gave "some weight" to the testimony of Plaintiff's mother and aunt (TR. 23). Nevertheless, the ALJ did not find Plaintiff's testimony to be credible, based on the limited medical evidence (TR. 23-24).

On remand, the ALJ should re-assess Plaintiff's RFC and credibility once the record is fully developed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections

7

should be filed with the Clerk of the District Court by **October 15, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on September 30, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE